IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

MATTHEW BOUCHARD,
    Plaintiff,

v.                                                                                  Civil No. 1:23cv1573 (DJN)

SUMMIT RIDGE ENERGY, LLC,
    Defendant.

**MEMORANDUM ORDER**
**(Granting Defendant's Motion to Dismiss)**

This matter comes before the Court on Summit Ridge Energy, LLC's ("Defendant") Motion to Dismiss. (ECF No. 19 ("Motion to Dismiss").) Matthew Bouchard ("Plaintiff") brings claims against his former employer for retaliation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3), breach of contract, unjust enrichment, and quantum meruit. Specifically, Plaintiff alleges that Defendant failed to pay certain commissions owed to him in accordance with his compensation plan, and that Defendant unlawfully retaliated against Plaintiff by firing him after he complained about unpaid commissions. Plaintiff additionally alleges that Defendant failed to reimburse him for certain business expenses. Defendant now moves to dismiss Plaintiff's Complaint for failure to state a claim. For the following reasons, the Court will GRANT Defendant's Motion (ECF No. 19).

### I. BACKGROUND

The following facts come from the allegations in the Complaint, which the Court takes as true solely for the purpose of resolving the motion to dismiss. *See Papasan v. Allain*, 478 U.S. 265, 283 (1986).

Plaintiff began working for Defendant on May 17, 2021 as the Senior Director of Power Origination. (Compl. ¶ 6.) In this role, Plaintiff's job duties and responsibilities included developing, creating and managing Defendant's client relationships. (*Id.* ¶ 7.) On May 12, 2022, Plaintiff signed the 2022 Summit Ridge Energy Sales Compensation Plan, which outlined his commission eligibility for that year. (*Id.* ¶ 12; Compl. Exh. B (ECF No. 1-2) ("2022 Compensation Plan").) Under the 2022 Compensation Plan, the Plan Administrator would "determine the timing of Commission payments but [would] endeavor to make payments no more than thirty (30) days after the end of the quarter during which time Commission was earned." (2022 Compensation Plan at "Commission Payment Timing.")

In the third quarter of 2022 ("Q3"), Plaintiff performed his job responsibilities and earned $421,899.99 of commission under the 2022 Compensation Plan. (Compl. ¶ 21.) Defendant did not pay Plaintiff his commission within thirty days after the end of Q3. (*Id.* ¶ 22.) On December 5, 2022, Plaintiff emailed his supervisor, Jason Speyer, that he and his colleagues had not "received any communication or updates" on the timing of the Q3 payments. (*Id.* ¶ 23; Compl. Exh. C (ECF No. 1-3).) Plaintiff requested a meeting and suggested specific individuals who should attend that meeting. (*Id.*) Speyer forwarded the email to Defendant's CEO. (Compl. ¶ 24.) The email angered Defendant's CEO and Plaintiff's relationship with the CEO "drastically changed" following this email exchange. (*Id.* ¶¶ 25–26.) Plaintiff continued to perform his job responsibilities until Defendant terminated Plaintiff on April 24, 2023. (*Id.* ¶¶ 27, 29–30.)

Plaintiff claims that Defendant owes him $421,899.99 in commission from his work in 2022, $188,270.86 in commission from his work in 2023 and $54,617.71 in unreimbursed business expenses. (*Id.* ¶¶ 31–32.) Plaintiff brought the instant action against Defendant for

2

retaliation in violation of the FLSA, breach of contract, unjust enrichment, and quantum meruit. The Court's jurisdiction in this case hinges on Plaintiff's FLSA claim, because Plaintiff argues that this Court has federal question jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the remaining state law claims. (*Id.* ¶¶ 3–5.)

## II. STANDARD OF REVIEW

The well-settled motion to dismiss standard does not require extensive elaboration. As the Supreme Court has made clear, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In making that determination, a district court must "accept as true all well-pled facts in the complaint and construe them in the light most favorable to [the plaintiff]." *United States v. Triple Canopy, Inc.*, 775 F.3d 628, 632 n.1 (4th Cir. 2015). But a district court is not bound to "accept as true a legal conclusion couched as a factual allegation." *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014).

## III. ANALYSIS

Given the importance of the FLSA retaliation claim to the Court's jurisdiction in this case, the Court will begin its analysis there. Plaintiff alleges that he engaged in protected activity when he emailed his supervisor complaining about the timing of the Q3 commission payments and that Defendant illegally retaliated by terminating Plaintiff because of that email.

Congress enacted the FLSA "with the purposes of protecting employees and imposing minimum labor standards upon covered employers, including the payment of a specified minimum wage and overtime pay for covered employees." *Ball v. Memphis Bar-B-Q Co.*, 228 F.3d 360, 363 (4th Cir. 2000). To that end, the FLSA "sets forth employment rules concerning

3

minimum wages, maximum hours, and overtime pay." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 4 (2011). Importantly, the "FLSA statute requires payment of minimum wages and overtime wages only, therefore, the FLSA is unavailing where wages do not fall below the statutory minimum and hours do not rise above the overtime threshold."[1] *Trejo v. Ryman Hosp. Props., Inc.*, 795 F.3d 442, 448 (4th Cir. 2015) (internal quotations omitted).

Relevant here, the FLSA contains an anti-retaliation provision that forbids employers from discharging or discriminating "against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to" the FLSA. 29 U.S.C. § 215(a)(3). The FLSA's protections encompass intracompany complaints, so Plaintiff's claim does not fail simply because he made his complaint to a supervisor. *Minor v. Bostwick Lab'ys, Inc.*, 669 F.3d 428, 439 (4th Cir. 2012). The FLSA, however, does not protect any and all employee complaints. Rather, to constitute protected activity, Plaintiff must make plausible allegations that his complaint was "under or related to" the FLSA. 29 U.S.C. § 215(a)(3).

To be clear, to state a claim for retaliation, Plaintiff need not bring or have a successful claim for any other violations under the FLSA. *See, e.g, Darveau v. Detecon, Inc.*, 515 F.3d 334, 339 (4th Cir. 2008) (considering employee's FLSA retaliation claim even after determining that the employee was exempt and, therefore, could not bring a FLSA overtime compensation claim). But, to constitute protected activity under the FLSA, an employee's complaints must be regarding the kinds of rights that the FLSA protects — namely, minimum wage and overtime

---

[1] The FLSA also provides other protections, such as a child labor standards and certain protections for tipped employees, but the Complaint contains no allegations that would suggest that any of FLSA's other protections apply here.

4

compensation. Complaints about compensation owed as a matter of contract or common law differ from complaints about compensation owed as a matter of federal statute. The latter falls within the FLSA's scope; on its own, the former does not. *See, e.g., Hardison v. Healthcare Training Sols., LLC,* 2016 WL 4376725, at *4 (D. Md. Aug. 17, 2016) (dismissing plaintiff's FLSA retaliation claim where plaintiff did not clearly assert that defendants "failed to pay her minimum wages, an assertion that would invoke FLSA protection," as opposed to having "simply failed to pay her correctly, which only would be an assertion of contractual rights").

Indeed, because Plaintiff failed to invoke any rights protected by the FLSA, Defendant could not possibly have been on notice that Plaintiff sought to assert his rights under the FLSA. Plaintiff need not have "invoke[d] the statute by name or 'employ[ed] any magic words." *Reardon v. Herring,* 191 F. Supp. 3d 529, 550 (E.D. Va. 2016). But the Fourth Circuit has held that an employee's complaint must be "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the [FLSA] and a call for their protection." *Minor,* 669 F.3d at 439. Here, Plaintiff's complaint to his supervisor indicates only that he would like to meet regarding payments for Q3 and that he believes that "this" (presumably the lack of Q3 payments) "is rapidly moving to a place that none of us want." Compl. Exh. C (ECF No. 1-3). Absent any reference to the FLSA or any rights protected thereunder, the email would not have allowed a reasonable employer to understand Plaintiff's email as an invocation of his rights under the FLSA. Accordingly, absent any plausible allegation that Plaintiff engaged in protected activity, the Court dismisses Plaintiff's claim of unlawful retaliation under the FLSA.

This Court has only supplemental jurisdiction to consider Plaintiff's remaining claims, all of which arise under Virginia state law. Where, as here, all federal claims that served as the

basis for subject matter jurisdiction have been dismissed, the Court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3). The Court has wide discretion in deciding whether to retain jurisdiction. *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). In determining whether to exercise this jurisdiction, courts consider "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and consideration of judicial economy." *Id.* Here, the litigation has only just begun, so the parties would experience minimal inconvenience by having to refile in state court. Moreover, the case now rests on questions of state law that are best addressed by Virginia state courts. Accordingly, the Court dismisses the remainder of Plaintiff's claims.

## IV. CONCLUSION

Plaintiff has failed to state a claim for retaliation under the FLSA. The Court's jurisdiction over the other claims rests on supplemental jurisdiction, which the Court declines to exercise. Accordingly, the Court GRANTS Defendant's Motion to Dismiss (ECF No. 19) in full and DISMISSES without prejudice Plaintiff's Complaint against Defendant (ECF No. 1).

Plaintiff does not request, and the Court does not grant, leave to amend, rendering this Order final and appealable. *See Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) (en banc) (holding that an order dismissing a case "without providing leave to amend ... is final and

appealable."). Should Plaintiff desire to appeal, written notice of appeal must be filed with the Clerk of Court within thirty (30) days of the date of this Order. Failure to file a notice of appeal within that period may result in the loss of the right to appeal.

    This case is now CLOSED.

    Let the Clerk file a copy of this Order electronically and notify all counsel of record.

    It is so ORDERED.

                                                                            /s/
                                                David J. Novak
                                                United States District Judge

Alexandria, Virginia
Dated: April 3, 2024